UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TROPHY DEPOT, INC.,

        Plaintiff,

-against-

AWARDS DEPOT INC.,

        Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
15–CV–4103 (JMA)(ARL)

**FILED**
**CLERK**
7/5/2016 11:56 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On July 13, 2015, plaintiff Trophy Depot, Inc. ("Trophy Depot") filed this action against defendant Awards Depot, Inc. ("Awards Depot") alleging trademark infringement and other related violations. Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue. In the alternative, defendant has moved to transfer venue pursuant to 28 U.S.C. §1404(a). For the reasons stated below, defendant's motions to dismiss and motion to transfer are denied.

## BACKGROUND

Plaintiff Trophy Depot, a New York corporation, distributes, manufactures, sells and ships recognition awards, trophies, medals, and other similar products to customers in the United States and Canada through its website (www.trophydepot.com). (Compl. ¶ 4, ECF No. 1.) Plaintiff has common law trademark rights in its "stylized diamond shape" corporate logo and the word "TROPHYDEPOT," and has trade dress rights in its diamond-shaped design for the company's product named "Diamond Star Medals." (Id. ¶¶ 13–15.)

Defendant Awards Depot is a Texas corporation with its principal place of business in Madisonville, Texas. (Id. ¶ 5.) Defendant distributes, manufactures, sells and ships recognition

1

awards, trophies, medals and other similar products through a retail store in Madisonville and through its website (www.awardsdepot.com). (Id.) Defendant sells and ships its products throughout the United States, including within the Eastern District of New York. (Id.; see also Jonathan Pink Decl. ¶ 2 (citing defense counsel's representation during telephonic pre-motion conference).) Plaintiff alleges that the products defendant sold into New York infringe on plaintiff's trademark. (Compl. ¶ 5, 17). To conduct its nationwide business, defendant operates an interactive website, which allows customers to purchase items online by providing their credit card information to defendant. (Jerry Surber Decl. ¶¶ 11–12, ECF No. 19.) Plaintiff asserts claims against defendant for trade dress infringement, trademark infringement and false designation of origin under the Lanham Act, as amended, 15 U.S.C. § 1051 et seq.; and passing off, trade dress infringement and unfair competition claims under federal and New York state common law. (Compl. ¶ 1, 56, 62, 72.)

## I. DISCUSSION

### A. Standard of Review

Under Rule 12(b)(2), a court must dismiss an action if the court does not have personal jurisdiction over the defendant. In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 230 F. Supp. 2d 403, 406 (S.D.N.Y 2002).

A defendant may move to dismiss an action for improper venue under Rule 12(b)(3). If the court concludes that venue is improper, the court can either dismiss the suit or transfer it to another district where the suit could have been brought. 28 U.S.C. § 1406(a); Minette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1994).

In considering motions under Rule 12(b)(2) and 12(b)(3), a district court may rely on pleadings and affidavits or the court may hold an evidentiary hearing. Gulf Ins. Co. v. Glasbrenner, 355 (2d Cir. 2005). If the court decides to rely solely on written materials, "the

2

plaintiff need make only a *prima facie* showing of jurisdiction through its own affidavits and supporting materials." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). In considering the plaintiff's pleadings and evidence, the court must assume plaintiff's factual allegations are true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79–80 (2d Cir. 1993).

**B. Personal Jurisdiction**

To exercise personal jurisdiction, a court must have either specific or general jurisdiction. Specific jurisdiction exists when a defendant has minimum contacts with the forum state and the suit arises out of or is related to the defendant's contacts with the forum state.[1] See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567–68 (2d Cir. 1996).

To determine whether a court has specific personal jurisdiction over a non-domiciliary in a federal question or diversity case, the court must ask whether: (1) the court has personal jurisdiction under the forum state's long-arm statute; and (2) the court's assertion of personal jurisdiction comports with the Due Process Clause.[2] See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 243-44 (2d Cir. 2007); Metropolitan Life Ins. Co., 84 F.3d at 567.

### i. The Court Has Specific Jurisdiction Under New York's Long-Arm Statute

The Court finds that there is specific jurisdiction under the New York long arm statute because defendant transacted business within New York.

---

[1] Plaintiff does not argue that general jurisdiction exists and therefore the Court's analysis focuses on whether there is specific jurisdiction.

[2] This is a federal question case because claims are assumed to rest upon or substantially relate to the Trademark Act of 1946. Diversity jurisdiction also exists because the parties are diverse and the amount in controversy exceeds $75,000.

3

N.Y. C.P.L.R. § 302(a)(1) ("Section 302") confers personal jurisdiction for a court over a non-domiciliary defendant "[a]s to a cause arising from any of the acts enumerated in this section . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y. C.P.L.R. § 302(a)(1).

Under Section 302(a)(1), specific jurisdiction exists when a defendant transacts business within the state and the claim arises out of defendant's business activity in the state. Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 103 (2d Cir. 2006). Transacting business may consist of purposeful commercial activity, including selling products to New York customers on an interactive website and shipping them into New York. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 170–71 (2d Cir. 2010) (finding defendants in trademark infringement action transacted business by shipping counterfeit bag to New York and operating interactive website offering bags for sale to New York customers); Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc., 923 F. Supp. 433, 436 (S.D.N.Y. 1996) (finding defendants in trademark infringement action transacted business by shipping goods with allegedly infringing labels into New York). A claim arises out of a defendant's business activity when the defendant's contacts in the state have "an articulable nexus with or substantial relationship to" the plaintiff's trademark infringement claim. Sole Resort, S.A. de C.V., 450 F.3d at 104 (holding that New York's long-arm statute nexus requirement is met if claim and defendant's contacts with state are anything more than tangentially related).

Defendant argues that the Court lacks specific jurisdiction under the New York's long-arm statute, Section 302, because defendant has not affirmatively solicited sales or targeted customers in New York either in person or on its website. Plaintiff contends that specific jurisdiction exists because defendant (1) sold and shipped products to New York customers

4

through its interactive website; and (2) solicited sales in New York through its website and through its managing member, which defendant sent to New York to sell its product to plaintiff. The Court finds that specific jurisdiction exists under Section 302(a)(1) because defendant transacted business within New York by selling and shipping products into the state, and plaintiff's claim arises out of defendant's business activity within the state.[3]

Here, specific jurisdiction exists because defendant transacted business within New York, and plaintiff's trademark infringement claim arises out of defendant's business activity in the state. Defendant transacted business in New York by maintaining an interactive website that permits customers nationwide to purchase products. (Jerry Surber Decl. ¶ 11, 12.) Defendant also admits that it sold its products into New York. (Jonathan Pink Decl. ¶ 2.) Plaintiff's claim also arises out of this business activity—the complaint alleges that the products sold into New York infringe on plaintiff's trademark. (Compl. ¶ 5, 17). Drawing all inferences in favor of plaintiff, the claims have a sufficient nexus with defendant's contacts with New York. See Baron Philippe de Rothschild, 923 F. Supp. at 436 (finding sufficient nexus between infringement claims and contacts where defendant admitted they shipped allegedly infringing goods to New York).

ii. Due Process Clause Requirements to Exercise Personal Jurisdiction

To meet the due process requirements for personal jurisdiction, the defendant must have minimum contacts with the forum state and the maintenance of the suit must not offend traditional notions of fair play and substantial justice. Asahi Metal Indus. Co. v. Cal. Super. Ct., Solano Cnty., 480 U.S. 102, 116 (1987).

---

[3] The Court need not decide whether defendant satisfies the requirements of N.Y. C.P.L.R. §302(a)(2) or §302(a)(3) because defendant already meets §302(a)(1), which is sufficient to satisfy the long-arm statute.

### a. The Defendant Has Minimum Contacts With New York

Defendant argues that it does not have minimum contacts with New York because it has not purposefully availed itself of the privileges of conducting activities within New York, asserting that selling goods via its website within New York is too attenuated of a contact. Plaintiff argues that defendant has purposefully availed itself of the privileges of conducting business in New York. Specifically, defendant sells products nationwide through its website, processes payments from New York customers, and delivers the products into New York. The Court agrees that defendant has minimum contacts with New York.

To satisfy minimum contacts for specific jurisdiction, the defendant must purposefully avail itself of the privilege of conducting activities within the forum state so that the defendant has a reasonable anticipation of being haled into court in that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–75 (1985). Purposeful availment includes the purposeful direction of a product into the forum state. Id. at 463. By deliberately sending products to a state, a company should reasonably expect to be haled into court into state, and thus has minimum contacts with that state. See Keeton v. Hustler, 465 U.S. 770, 770–71 (1984).

To determine whether there are sufficient minimum contacts based on a defendant's interactive website, the court examines both the website's level of interactivity and the commercial nature of the website. A.W.L.I Group, Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557, 567 (E.D.N.Y. 2011). A website is sufficiently interactive when it allows consumers to exchange information with the defendant via the website, such as a purchaser's credit card details. See Chloe, 616 F.3d at 170. A website is of a commercial nature when it permits customers to purchase products and exchange payment information online. See ISI Brands, Inc. v. KCC Intern., Inc., 458 F. Supp. 2d 81, 86 (E.D.N.Y. 2006). For example, in Chloe v. Queen Bee of Beverly Hills, LLC, a trademark infringement case, the court found the

6

exercise of jurisdiction proper because: (1) the defendant's website, which allowed customers to purchase bags by exchanging their credit card information, was commercial and "highly interactive" and commercial; and (2) defendant shipped merchandise into New York. 616 F.3d at 170–71.

In this case, defendant has minimum contacts with New York because its interactive website allows customers in New York to exchange their credit card information to purchase products, and because defendant shipped products into New York. (Jerry Surber Decl. ¶ 11, 12, 13.) Defendant purposefully engaged in commercial activity with New York residents via a highly interactive website that operates in a commercial nature. Defendant also purposefully availed itself of the privilege of conducting activities within New York by shipping its products there. These actions are sufficient to meet the minimum contacts requirement for personal jurisdiction.

### b. The Court's Exercise of Personal Jurisdiction over Defendant Comports with Notions of Fair Play and Substantial Justice

To determine whether maintenance of the suit is consistent with notions of fair play and substantial justice, the Court weighs five factors: (1) the burden on the defendant; (2) the forum state's interests in adjudicating the case; (3) the plaintiff's interests in obtaining relief in the forum state; (4) the interstate judicial system's interest in efficiently resolving the dispute; and (5) the interests of other sovereign states in furthering their social policies. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Defendant argues that maintenance of the suit offends notions of fair play and substantial justice because: a suit in New York would burden defendant; New York has no more interest in adjudicating the case than any other forum state; and plaintiff can obtain convenient and effective relief in Texas.

Here, each of the factors is either neutral or weighs in favor of plaintiff. While defendant might be burdened by having to travel to New York, plaintiff would be burdened by having to travel to Texas for a trial. Defendant provides no explanation of how or why a trial in New York would substantially burden the company beyond a potential inconvenience of traveling to New York. See Bank Brussels, 305 F.3d at 129-30 (finding that because of the conveniences of modern technology and transportation, the "substantial burden" factor does not weigh in favor of a defendant who is forced to litigate in a distant forum). The second factor favors New York as the forum state because New York has an interest in providing its residents "with a convenient forum for redressing injuries inflicted by out-of-state actors," like alleged trademark infringement. Burger King Corp., 471 U.S. at 473. Plaintiff also has an interest in obtaining relief in New York, where its headquarters and many of its witnesses are located. See Chloe, 616 F.3d at 173 ("The third factor necessarily favors [plaintiff] since [plaintiff's] headquarters are in New York and some of its witnesses are located there."). Weighing the factors, the exercise of personal jurisdiction over defendant does not offend notions of fair play and substantial justice.

**B. Venue**

    **i. Motion to Dismiss for Improper Venue**

Defendant has moved to dismiss the claim for improper venue, arguing that venue is improper because defendant is not subject to personal jurisdiction in New York. Plaintiff argues that venue is proper because a substantial part of the events giving rise to the claim occurred in New York, where defendant sold allegedly infringing products to customers over its website.

The Court agrees that venue is proper because a substantial part of the events took place in New York.[4]

The federal venue statute, 28 U.S.C. §1391(b) ("Section 1391(b)"), governs venue for trademark infringement claims. Venue is proper in (1) the district of the defendant's residence; (2) the district where a "substantial part of the events giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. §1391(b).

In trademark infringement cases, jurisdiction is proper in any district in which infringement is alleged to have occurred. See 28 U.S.C. § 1391(2); see also Hsin Ten Enter. USA v. Clark Enters., 138 F. Supp. 2d 449, 459 (S.D.N.Y 2000). Here, courts apply the same standard used to determine whether a website meets the requirements for personal jurisdiction. Id. at 460. As explained above, when a website is interactive and, for example, allows customers from New York to purchase allegedly infringing products and exchange their credit card information, "this level of interactivity supports venue over plaintiff's trademark infringement claim" in New York. See id. at 461.

Plaintiff has made a prima facie showing that venue is proper under Section 1391(b)(2). Here, federal question jurisdiction is based on the Trademark Act of 1946. Venue is thus proper in each jurisdiction where trademark infringement is alleged to have occurred, including New York State. Id. at 459. Because defendant's interactive website meets the requirements for personal jurisdiction in New York and involves selling allegedly infringing products to New York customers, venue is proper in New York.

---

[4] Even if a substantial part of the events did not occur in New York, venue would still be proper under Section 1391(b)(3) because as explained above, the Court finds that there is personal jurisdiction.

9

### ii. Motion to Transfer Venue

Defendant asks the Court to transfer this action to the Southern District of Texas for its convenience, the convenience of its witnesses, and trial efficiency. Defendant also argues that the locus of operative facts is in Texas, and that it has relatively fewer means than plaintiff. Plaintiff argues that the motion to transfer should be denied because plaintiff's choice of forum is entitled to deference and defendant has not offered compelling reasons to support a transfer. Because defendant has not met its burden to warrant a transfer of venue, its motion is denied.

The Court may transfer any civil action to another district where it may have been brought or to a district to which all parties have consented. 28 U.S.C. §1404(a). A district court considering a transfer of venue weighs the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum state's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006). Defendant bears the burden of producing clear and convincing evidence that transfer is appropriate. New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 113–14 (2d Cir. 2010). Courts are deferential to a plaintiff's choice of forum if other factors do not weigh strongly in favor of transferring venue. ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008).

Weighing the factors, there is relatively little basis to support transfer, while there is a strong presumption in favor of maintaining plaintiff's choice of venue. The convenience of witnesses, parties, and trial efficiency are neutral factors. Plaintiff's principle place of business,

witnesses, and documents are located in New York, whereas defendant's principle place of business, witnesses, and documents are located in Texas.

The locus of operative facts supports plaintiff's argument. In actions alleging trademark infringement, courts in the Second Circuit have held that the locus of operative facts is in the initially chosen forum if acts of infringement occurred in that forum. Id. at 549. Because defendants sold allegedly infringing products into New York, this factor weights in plaintiff's favor. See id. (holding that if the allegedly infringing products are sold within a particular state, that state qualifies as a locus of operative facts even if the products are also sold elsewhere.).

Defendant claims to be a "Mom and Pop" operation with relatively fewer means than plaintiff, and provides a statement from its managing member that Awards Depot "would incur a substantially higher percentage of its limited resources litigating this matter in New York than Trophy Depot would in litigating this matter in Texas." (Jerry Surber Decl. ¶ 20.) However, other than the statement by its managing member, defendant has not provided any documentation or financial statement to warrant a transfer. See Lappe v. American Honda Motor Co., 857 F. Supp. 222, 230 (N.D.N.Y. 1994) ("[P]laintiff has not offered any documentation to show that prosecuting his action in this court would be unduly burdensome to his finances"). In any event, even if this factor favors transfer, it is balanced by the weight given to plaintiff's choice of forum. On balance, because the factors do not weigh strongly in favor of transfer, and if anything, weigh against transfer, the Court declines the motion to transfer venue.

## II.   CONCLUSION

For the reasons set forth above, defendant's motions to dismiss for lack of personal jurisdiction and for improper venue are denied. Defendant's motion to transfer venue is also denied.

**SO ORDERED.**

Date: July 5, 2016
Central Islip, New York

                                                           /s/ (JMA)
                                                   Joan M. Azrack
                                                   United States District Judge